UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WAMBI COOK,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE,<br>COMMISSIONER, SOCIAL SECURITY<br>ADMINISTRATION,<br><br>    Defendant | NO. CV 09-5488-VAP(CT)<br><br>ORDER ACCEPTING<br>MAGISTRATE JUDGE'S<br>REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the court has reviewed the entire file de novo. On March 10, 2010, plaintiff untimely filed objections to the magistrate judge's report and recommendation. (See Docket No. 16.) The court does not consider untimely objections. See 28 U.S.C. 636(C); Fed. R. Civ. P. 72(b)(2). The court has nonetheless reviewed petitioner's objections and finds that, even were they timely, they would not change the result in this case.

Plaintiff essentially objects that the ALJ did not adequately take into account his consistent work history, that he attempted to return to work after having knee surgery, or plaintiff's testimony regarding his limitations and current ability to work. The record belies these objections.

The ALJ specifically addressed plaintiff's work history and efforts to work after his knee problems began, and considered his explanations

why he is currently unable to perform his past work full time. (See Transcript of Administrative Record, ("TR"), at 12.) The ALJ credited plaintiff's allegation that he remains unable to perform two of his past jobs, as a Principal or an Insurance Sales agent, but found, based upon an extensive review of the medical record, plaintiff's own statements, and the testimony of the vocational expert, that plaintiff failed to establish that he is unable to perform his past relevant work of Educational Consultant and Director of Vocational Training and Dean of Students. See Clem v. Sullivan, 894 F.3d 328, 331 (9th Cir. 1990) (at step four, plaintiff has the burden of showing that he could no longer perform his past relevant work). Indeed, as the ALJ noted, the fact that plaintiff is unable to obtain work or employers will not hire him does not mean plaintiff is disabled under the Social Security Act. See 20 C.F.R. 404.1566(c). Furthermore, the ALJ set forth numerous, legally sufficient reasons for declining to credit plaintiff's subjective statements regarding the debilitating effect of his impairments. Based upon a review of the record as a whole, the court agrees with the conclusions of the magistrate judge. IT IS THEREFORE ORDERED:

    1.   The report and recommendation is accepted.

    2.   Judgment shall be entered consistent with this order.

    3.   The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: _March 18, 2010_____

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE